STATE v. CITY OF LITTLE FALLS AND ANOTHER.[1]

January 13, 1956.

No. 36,666.

---

[1]Reported in 74 N. W. (2d) 425.

*Miles Lord,* Attorney General, *Joseph J. Bright,* Assistant Attorney General, for appellant.

*Robert J. Phillips,* for respondents.

MATSON, JUSTICE.

Appeal by the State of Minnesota, in two cases consolidated for both trial and appellate review, from an order denying its motion as plaintiff for a new trial.

The public examiner of the State of Minnesota made an audit of the books, records, accounts, and affairs of the city of Little Falls and the city of Little Falls Water and Light Department covering the 6-year period ending March 31, 1951. The Water and Light Department audit was commenced on October 29, 1951, and completed on December 6, 1951, at a cost of $1,092.80. Another audit, relating to the other affairs of the city, was commenced on October 22, 1951, and completed on May 9, 1952, at a cost of $5,145.22.

The audits were made by the public examiner pursuant to a petition signed by 191 freeholders of the city of Little Falls. The auditor of Morrison County certified on August 14, 1950, that the petition was signed by the required number of freeholders and delivered the petition to the public examiner pursuant to M. S. A. 215.19.

These proceedings were commenced to determine whether the city of Little Falls and its Water and Light Department are required to bear the cost of the audit rather than the State of Minnesota. M. S. A. 1949, § 215.21, provides that villages and cities, among other specified governmental units, shall be liable to the state for the total costs and expenses of an examination of the books, records, etc., *as provided by law.*

The sole question on this appeal is whether the audits involved here were authorized as provided by law. Specifically, was the public examiner authorized to make the examinations pursuant to the petition of the required number of freeholders? The lower court held

that he had no authority and, therefore, the city of Little Falls and its Water and Light Department did not have to bear the cost of the audit.

It is agreed that the authority of the public examiner to make the examination must have existed, if it existed at all, in August 1950[2] when the petition was delivered to the public examiner. The state predicates the authority of the public examiner upon M. S. A. 1949, §§ 215.19 and 215.13.

In State v. Village of Pierz, 241 Minn. 37, 62 N. W. (2d) 498, this court held that by adoption of the 1945 revision of the statutes it was not the intention of the legislature to repeal the authority of the public examiner to examine the books and records of a village when presented with a petition of freeholders properly prepared under § 215.19. The only distinction between the Pierz decision and the instant case is that, in the former, §§ 215.14 and 215.19 were involved. Whereas here the statutory authority of the public examiner involves a construction of §§ 215.13 and 215.19. In other words, if the Pierz decision is to be distinguished so as not to be applicable herein, it must be on some difference in the operative effect between §§ 215.13 and 215.14. Upon the adoption of the 1945 statutory revision both statutes were basically the same in operative application since § 215.14 (involved in the Pierz case) then extended the public examiner's authority to school districts, towns, and *villages,* whereas § 215.13 extended that authority to *cities.* In the Pierz case the village contended that, even if the duty to proceed with the examination existed after the adoption of the 1945 revision, it was eliminated by the enactment of L. 1949, c. 33. This court rejected that contention in the following words (241 Minn. 42, 62 N. W. [2d] 502):

"* * * The simple answer to this contention is that L. 1949, c. 33, does not purport to affect §§ 215.14, 215.19, or 215.25. It specifically amends §§ 215.04, 215.05, 215.11, *215.13,* and 215.21, and *beyond that it has no effect upon the statutes here involved.*" (Italics supplied.)

----

[2]We are therefore not here concerned with the subsequent amendment of § 215.19 by L. 1951, c. 185, and L. 1953, c. 689.

The trial court is of the opinion that the Pierz decision is not controlling for the sole reason that L. 1949, c. 33, amended § 215.13, whereas, as pointed out in the Pierz case, § 215.14 was not amended. If there is any validity to this theory it must be on the basis that the legislature intended by the 1949 amendment to modify the pre-existing authority of the public examiner as applied to *cities*. We reject this theory as without merit since the 1949 amendment did nothing more, with respect to § 215.13, than modify the last sentence of that section by changing the reference therein from § 215.12 to § 215.11 for the sole purpose of correcting an obvious clerical error in statutory reference as it related to prosecutions for violations of law.

Since L. 1949, c. 33, amended § 215.13 only with respect to a clerical error and did not in any manner modify the preexisting authority of the public examiner with respect to cities, it therefore follows that our holding in State v. Village of Pierz, 241 Minn. 37, 62 N. W. (2d) 498, is controlling in establishing that the adoption of the 1945 revision of the statutes did not repeal the authority of the public examiner to examine the books and records of a city when presented with a petition of freeholders properly prepared under § 215.19.

The order of the trial court is reversed.

Reversed.